UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Docket No.: 2:13cr40-002 |
| Plaintiff | |
| DIANA SHIPPING SERVICES, S.A., IOANNIS PROKAKIS and ANTONIOS BOUMPOUTELOS | DEFENDANT IOANNIS PROKAKIS SUPPLEMENTAL SENTENCING MEMORANDUM |
| Defendants | |

Defendant Ioannis Prokakis respectfully submits this memorandum to respond to the government's sentencing memorandum.

I. **THE CONDUCT WITH WHICH PROKAKIS WAS CHARGED AND CONVICTED DOES NOT WARRANT THE SENTENCE RECOMMENDED BY THE GOVERNMENT.**

The government in its sentencing memorandum seeks a sentence of incarceration of 135 to 168 months, or 11 to 14 years, which for a 61 year old man would be tantamount to life in prison. In its sentencing memorandum, ECF No. 130, at 15, the government argues:

> There have been numerous cases in which engineers have pled pre-indictment to an APPS count and received sentences ranging from probation to 12 months and a day of incarceration. Most of those cases involve cooperation and acceptance of responsibility in the context of a plea agreement and did not involve subordination of perjury. In *United States v. Alejandro Gonzalez*, No. 1:11-CR-20868 (S.D.Fla.) the defendant was charged with and convicted by a jury of obstruction of justice, 18 U.S.C. § 1505, for falsely certifying to the Coast Guard that certain complete inspections and surveys of a vessel were carried out when in fact they were not....This is obviously an extraordinarily serious offense and far

1

surpasses the conduct in *Gonzalez*.

    A.    <u>The Gonzalez Case is Inapposite - All it Has in Common with Mr. Prokakis's Case is the Statutory Citation to § 1519</u>

According to the indictment, ECF No. 1, at 1-2, Alejando Gonzalez:

> was a naval engineer and classification surveyor. GONZALEZ was the president of a company engaged in the business of surveying and certifying merchant ships. The governments of Panama and Bolivia authorized him to perform on their behalf classification surveys of and issue certifications to ships as the ships' nominated classification surveyor. GONZALEZ held himself out to the public as an expert in the field of marine engineering and classification surveying and has testified as an expert witness in those fields.

He was charged with conspiracy, and with violation of 18 U.S.C. § 1519, but the offenses had nothing to do with MARPOL, or an oil record book, or shipboard wastes. Rather, the gravamen of the violations was that Gonzalez "certified that the [vessel]... had an inspection of the outside of the ship's bottom during a drydock in 2006...when there was none." Indeed, Gonzalez' fraudulent certifications of seaworthiness and non-existent inspections constitute a crime in which the conduct places the entire crew and the ship in jeopardy. Without diminishing the nature of the conduct herein, this case does not reach the level of danger created by Mr. Gonzalez. Therefore, the government's claim that <u>Gonzalez</u> is analogous lacks any merit.

    B.    <u>The Proper Comparison We Submit, is to Cases in which the Defendant Chief Engineer Engaged in False Record Keeping Without Endangering the Ship or Crew.</u>

The thirty-nine cases we identified in Exhibit 21 to Prokakis's Sentencing Memorandum (ECF No. 133) fall into two groups: those in which there was MARPOL-related record-keeping activity, and those in which there was also obstruction during a Coast Guard inspection or

2

investigation. The latter cases involved witness tampering, evidence destruction, and lying to the Coast Guard. (See Prokakis's Sentencing Memorandum, ECF No. 133 at 12-23)

The government claims that Prokakis was found guilty of an "extraordinarily serious offense". However, the defendant chief engineers who were sentenced to confinement, but no longer than 6 months, tampered with or destroyed physical evidence, tampered with witnesses, lied to Coast Guard investigators, or some combination of such conduct. Specifically, in United States v. Romulo Esperas, CR11-263, ED La., (ECF No. 133, Exhibit 21, No. 10), the defendant plead guilty to violating 18 U.S.C. § 1519. The defendant in Esperas was sentenced to three years probation despite that fact that he made false statements to the Coast Guard during its investigation and burned the sounding log in his cabin. (See Prokakis's Sentencing Memorandum, ECF No. 133 at 21).

Similarly, in United States v. Grifakis, CR 11-11, D. Maryland (ECF 133, Exhibit 21, No. 11) and United States v. Vongvichiankul, CR11-368, SD Alabama, (ECF 133, Exhibit 21, No. 37) documents in the public record clearly show that the defendants engaged in obstruction of justice during a Coast Guard investigation of the underlying MARPOL violations, including lying to the Coast Guard when questioned, suborning false statements by subordinates to the Coast Guard, and in Grifakis' case, tampering with physical evidence. In United States v. Humphries, CR 06-299, D. Maryland (ECF 133, Exhibit 21, No. 13) the docket sheet shows that he was charged with destruction of evidence, but the publicly available information offers no details about the scope of his obstructive conduct. Mr. Humphries, as Mr. Prokakis, was tried and found guilty by the Court. In United States v. Williams, CR07-376, D. Hawaii, where a Coast Guard warrant officer, who directly discharged oily waste into Honolulu Harbor, lied, both orally and in writing, on more than

3

one occasion to obstruct the investigation, received only community service and probation.

Mr. Prokakis's conduct does not "far surpass" that of the defendants discussed *supra* or warrant such a drastic departure from other convicted Chief Engineers. In fact, Mr. Prokakis's conduct is less severe given that the testimony at trial established that he made no attempt to hide or destroy the oil record book, or any other document including the sounding log, to obstruct the Coast Guard investigation. As to the assertion that he threatened to kill the Third Engineer, the testimony of Fourth Engineer Jeffery Seran demonstrates that this comment was not interpreted as a serious threat and was instead seen as an emotional reaction to the high stress environment resulting from the investigation. (Prokakis Sentencing Memorandum, ECF No. 133 at 32-33).

## II. SUPPLEMENTAL CITATIONS REGARDING ROLE ENHANCEMENT

With regard to the role enhancement proposed by the Probation Office, we invite the Court's attention to United States v. McCoy, 242 F.3d 399, 410-411 (D.C. Cir. 2001), construing USSG §3B1.1.

> The guideline commentary requires supervision of one or more "participants," and a "participant" is defined as a person who, although not necessarily convicted, "is criminally responsible for the commission of the offense." U.S.S.G. §3B1.1, comment, n.1. Because an individual cannot be criminally responsible for making a false statement unless she is witting, see 18 U.S.C. § 1014 (requiring that false statement be made "knowingly"), the fact that McCoy's employees were unwitting would appear to render this enhancement inapplicable. See United States v. Bapack, 129 F.3d 1320, 1325 (D.C.Cir.1997) (holding that a person is "criminally responsible" under § 3B1.1 only if "he commit[s] all of the elements of a statutory crime with the *requisite mens rea*" (internal quotations omitted) (emphasis added)). No other crew member participated in the making or keeping of the oil record book aboard the San Nikunau. Therefore the role enhancement is inapplicable.

On January 3, 2013, the Court of Appeals for the Ninth Circuit issued an opinion in

United States v. Chao Fan Xu, 706 F. 3d 965, 992-3 (9th Cir. 2013). In relevant part, at 992, the court held "that applying the relevant conduct analysis to Defendants' foreign conduct is not permissible", citing United States v. Azeem, 946 F. 2d 13 (2d Cir. 1991).

### III. United States v. Sanford (Pogue) Is the Appropriate Analog for Downward Departure at Sentencing.

The government argues that Sanford is factually distinguishable from this case. The government emphasizes that Pogue was convicted at trial of less serious offenses and so the court's sentence should not be relied upon. The government in its sentencing memorandum argues that the goal of MARPOL and APPS is to seek the complete "elimination of intentional pollution of the sea." ECF No. 130, at 6. But, Pogue's conduct of conviction, which the government stated consisted of making hundreds of false entries into the Oil Record Book, of training crew on how "to transfer and dump overboard oily bilge" and "falsified entries in the Oil Record Book every week for nearly nine years while hundreds of thousands of gallons of untreated oily bilge waste was discharged.", shows a far longer duration of criminal conduct than in this case. United States v. Sanford, Cr. No. 11-cr-00352-1, Government's Supplemental Sentencing Memorandum at 2,4 Indeed, the government only recommended a sentence of 27-33 months, while the Court imposed a period of incarceration of one month. Id. at 1. Mr. Prokakis was only on the Thetis for 5 months and the evidence at trial indicated at most only one discharge once per voyage leg Certainly, the discharges did not equate to hundreds of thousands of gallons over a nine year period.

Thus, the more appropriate analog is Sanford and is in keeping with the other 38 sentences analyzed in our sentencing memorandum, rather than Gonzalez whose false certifications could have resulted in injury or even death.

IV. **CONCLUSION**

Consistent with the pattern in sentencings of chief engineers in the last seven years, we believe that the Court has a range of options available to it to fashion an appropriate sentence. The history of sentences in this type of case, with no mandatory minimum sentence, the vast majority resulting in probation, with no imprisonment longer than 6 months, with consideration given to the often lengthy isolation for foreign speaking crewmen staying in hotel rooms, the use of halfway houses and community service, demonstrates this flexibility to create a sentence that is consistent with the requirement of § 3553(a)'s requirement of a sentence "sufficient but not greater than necessary" to accomplish the goals of sentencing.

Dated: December 3, 2013

                                      Respectfully submitted,

                                      /s/ Lawrence H. Woodward, Jr.
                                      Lawrence H. Woodward, Jr., Esquire
                                      (VSB No. 21756)
                                      *Attorney for Defendant, Ioannis Prokakis*
                                      Shuttleworth, Ruloff, Swain, Haddad &
                                      Morecock, P.C.
                                      4525 South Boulevard
                                      Suite 300
                                      Virginia Beach, VA 23452
                                      Tel: (757) 671-6000
                                      Fax: (757)671-6004
                                      Email: lwoodward@srgslaw.com

/s/ Carl R. Woodward, III
Carl R. Woodward, III
*Attorney for Defendant, Ioannis Prokakis*
*ADMITTED PRO HAC VICE*
Carella, Byrne, Cecchi, Olstein, Brody & Agnello
5 Becker Farm Road
Roseland, NJ 07068
Phone:  (973) 994-1700
Fax:  (973) 997-1744
Email:  cwoodward@carellabyrne.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 3d day of December, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Joseph Kosky
Assistant United States Attorney
  for the Eastern District of Virginia
101 West Main Street
Suite 8000
Norfolk, VA 23510-1671
(757) 441-6331
Joseph.Kosky@usdoj.gov

Kenneth Nelson
Environmental Crimes Section
Environment and Natural Resources Division
United States Department of Justice
601 D St. NW, Suite 2814
Washington, DC 20004
(202) 305-0435
Kenneth.Nelson3@usdoj.gov

Darryl Upshur
U.S. Probation Officer
600 Granby Street
Suite 230
Norfolk, VA 23510
(757) 222-7400
Darryl_Upshur@vaep.uscourts.gov

    /s/ Lawrence H. Woodward, Jr.
Lawrence H. Woodward, Jr., Esquire
(VSB No. 21756)
*Attorney for Defendant, Ioannis Prokakis*
Shuttleworth, Ruloff, Swain, Haddad &
Morecock, P.C.
4525 South Boulevard
Suite 300
Virginia Beach, VA 23452
Tel: (757) 671-6000
Fax: (757)671-6004

Email: lwoodward@srgslaw.com

#537157